[Civ. No. 5983. Second Appellate District, Division One.—October 2, 1930.]

CHARLES J. WEED, Respondent, v. O. C. BUTLER, Appellant.

Maurice C. Sparling for Appellant.

Knight & Reynolds and Edward S. Shattuck for Respondent.

HOUSER, J.—Defendant appeals from a judgment rendered against him in an action brought on a promissory note. The defenses to the action were that no consideration for the note was received by defendant, and that the certificate of certain shares of stock in a corporation, received by defendant at the time when the said promissory note was executed and for which said promissory note was given by defendant to plaintiff, was illegally issued and consequently was void.

Although somewhat varied as to form of statement, the appeal herein is predicated upon the points that the findings of fact are either contrary to, or not supported by, the evidence; also, that the trial court failed to find upon a material issue of fact.

No new rule or new application of any principle of law is either invoked or involved in this appeal; nor would any useful purpose be served either by a statement of facts or by a review of authorities cited by respective counsel appearing herein.

From an examination of the several specifications of error suggested by appellant, it is more or less apparent that some of them are not without seeming merit; but when the pleadings, the evidence, the findings of fact and conclusions of law are considered together, it becomes manifest that the ensuing judgment was fully supported by the precedent proceedings in the action. The several criticised findings

may be reconciled one with the other. The failure of the trial court to find upon the issue to which appellant has directed attention is not so apparent; but assuming (without conceding) that no direct finding was made by the trial court in that regard, from a consideration of the findings which were made, it is most obvious that had an unexceptionable finding been made on the issue in question it could have been nothing but adverse to the claims of the defendant in the action.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.